FILED
MARCH 14, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
JAN 0 5 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Billy Richmond

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Thomas Dart
Salvador Godinez
Castro
R. Hinton
Collins
Tucker

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

11 C 0065
Judge Matthew F. Kennelly
Magistrate Judge Morton Denlow

CHECK ONE ONLY:   *This Court also has supplemental jurisdiction over the State law claim under 28 U.S.C. Section 1367*

✓   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

____   COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

____   OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. Plaintiff:
  A. Name: Billy Richmond
  B. Aliases: None
  C. Prisoner identification number: 2010-0309201
  D. Place of present confinement: Cook County Jail
  E. Address: 2700 S. California, P.O. Box 089002, Chicago, IL 60608

II. Defendants:
  A. Defendant: Thomas Dart, being sued in his individual and official capacity.
     Title: Sheriff
     Place of Employment: Cook County
  B. Defendant: Salvador Godinez, being sued in his individual and official capacity.
     Title: Executive Director
     Place of Employment: Cook County Jail
  C. Defendant: Collins, being sued his individual and official capacity.
     Title: Sargeant Guard
     Place of Employment: Division 1 & 10 of Cook County Jail
  D. Defendant: Tucker, being sued in his individual and official capacity.
     Title: Lieutenant Guard
     Place of Employment: Division 1 of Cook County Jail
  E. Defendant: R. Hinton, being sued in his individual and official capacity.
     Title: Couselor – C.R.W.
     Place of Employment: Division 10 of Cook County Jail
  F. Defendant: Castro, being sued in his individual and official capacity.
     Title: Guard
     Place of Employment: Division 1 of Cook County Jail.

2

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

  A. Name of case and docket number: _____ N/A _____

  B. Approximate date of filing lawsuit: _____ N/A _____

  C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ N/A _____

  D. List all defendants: _____ N/A _____

  E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ N/A _____

  F. Name of judge to whom case was assigned: _____ N/A _____

  G. Basic claim made: _____ N/A _____

  H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ N/A _____

  I. Approximate date of disposition: _____ N/A _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.  **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

<u>Substantial Risk of Serious Harm at Cook County Jail</u>

1. Plaintiff entered the Cook County Jail ("CCJ") on March 10, 2010. For the first few months Plaintiff was assigned to Unit B-4 in Division One.

2. From March 10, 2010, through the present day, inmates in general population at CCJ have been exposed to a substantial risk of serious inmate-on-inmate violence. This substantial risk of serious harm has several causes.

3. Defendants Dart and Godinez don't segregate dangerous inmates from vulnerable inmates, or from each other. They do not segregate mentally ill persons from those in good mental health. Members of rival gangs are housed in the same units and forced to eat, shower, and exercise together. Inmates who threaten or even attack other inmates are not isolated or properly disciplined.

4. The Cook County Jail is grossly understaffed. At times there is only one guard on duty to supervise and control the 100 or more inmates in a unit. Defendants Dart and

4                                                                    Revised 9/2007

Godinez do not provide for adequate staff at the CCJ, and they do not properly train the guards whom they hire to supervise inmate living areas, discipline inmates who misbehave, or respond to emergencies like inmate assault.

### Deliberate Indifference of Defendants'

5. By the spring of 2010, Defendants Dart and Godinez had actual knowledge of the substantial risk of serious harm to inmates at the CCJ. They knew about the security problems described above and the resulting risk to inmates' safety. This risk was longstanding, pervasive, and apparent to any knowledgeable observer.

6. As a result of the substantial risk of serious harm at the CCJ, numerous inmates had suffered serious assaults in the general population. These attacks were observed and/or reported to Defendants Dart and Godinez. This includes gang-related fights that have occurred without any jail guards present on the tier. Other attacks have occurred while the only guards present were observed playing cards in the control area or looking at Barely Legal magazines leaving the tier completely uncontrolled without any active monitoring. Upon information and belief, the CCJ's incident and disciplinary reports will document the increased numbers of fights and disturbances.

Revised 9/2007

7. Furthermore, the Department of Justice made the County and others aware that "Cook County Jail fails to adequately protect inmates from harm and serious risk of harm from staff and other inmates" when they made their tour through the CCJ in 2007 and made their report in 2008.

8. By August 2010, Defendants Dart and Godinez failed to take reasonable measures to abate the substantial risk of inmate-on-inmate violence at CCJ. As a result, Plaintiff was the victim of a brutal inmate assault on August 20, 2010.

### Assault of August 20, 2010

9. Between April and September 2010, Plaintiff was in the process of testifying as a witness in a murder case for Francis Whitten.

10. In the month of July 2010, Plaintiff received deadly threats from two members of the "Latin Folks" gang, telling him that if he testify at the trial of Francis Whitten, that will be his death certificate. In response to the threats he received, Plaintiff immediately notified Defendants Collins and Tucker informing them that his life had been threatened and there is a strong probability that he may be attacked by members of the "Latin Folks" gang on Unit B-4. He also requested them to move him to the Christian/Life Learning Dorm or, in the alternative, Protective Custody.

Revised 9/2007

Nothing happened in response to Plaintiff's request. Neither he nor the gang members were transferred out of Unit B-4.

11. On August 20, 2010, at approximately 6 p.m., the two gang members along with a couple others attacked Plaintiff on the Unit of B-4. They came up behind Plaintiff, pushed him into cell "double zero," knocked him to the floor, and began to beat and stomp him. The assault lasted for approximately ten minutes. During the beginning of the assault Plaintiff shouted to Defendant Castro and tried to alert him to the brutal attack, yet Defendant Castro told him to "wait a minute" while he was attending a different wing. He was the only guard present attending two wings. Although Castro yelled at Plaintiff and the gang members to "wait a minute" and to "quiet down," he did not take any other measures to stop the assault.

12. Finally the gang members had stopped beating and stomping Plaintiff. In and out of consciousness, Plaintiff staggered into the dayroom area where he laid on the floor for another ten minutes.

13. Plaintiff was awaken by security staff and medical staff and had to walk, bleeding and in pain, to the medical infirmary. It was clear that Plaintiff urgently needed emergency medical treatment and that his condition would worsen if immediate medical treatment was prolonged.

14. Plaintiff had suffered a head concussion, three broken

7

bones in his face which includes two bones around his eye that were crushed, two wisdom teeth were knocked loose, his neck and spine were damaged, and the entire right side of his face was bruised and swollen. Plaintiff was transported to an outside hospital to treat his injuries wherein he underwent six an ahalf hours of surgery.

15. As a result of this incident, Plaintiff has permanent scarring on his head and face. The bone around his eye was crushed. He has lost a significant percentage of his vision in his right eye. He has lost two wisdom teeth. He has nerve damage and permanent damage to his spine. He has uncontrollable shaking in his left leg. Plaintiff continues to suffer frequent headaches, eye pain, nightmares about the assault, and other psychological trauma.

Ongoing Substantial Risk of Serious Harm

16. Despite the incident described above, inmate safety at the CCJ has not improved. Defendants Dart and Godinez have not improved procedures for segregating dangerous inmates. In fact, the gang members that attacked Plaintiff were not disciplined, even though Plaintiff informed Cook County officials who the gang members were. Defendants Dart and Godinez have failed to increase staffing or improve the training of Cook County Jail officials. As a result of this failure, Plaintiff continues to fear for his safety at the Cook County Jail.

8

### Defendant R. Hinton Intentionally Interfered With The Grievance Process

17. Defendant Hinton work for the Program Services which controls the grievance process at Cook County Jail.

18. Defendant Hinton, Counselor of Division ten has taken Plaintiff's grievances and improperly converted them into requests in order to avoid issuance of a control number preventing Plaintiff's grievances from being properly processed according to Cook County Jail's grievance procedures.

19. The grievance procedure at Cook County Jail is a legal process.

20. Based on the conduct alleged above, Defendant Hinton committed acts not proper under the grievance process and with malice towards the Plaintiff.

21. These actions constitute Abuse of Process, and also had the effect of undermining the Constitutional principal as proclaimed by Article I Section 12 of the Illinois Constitution.

### Exhaustion of Grievance Procedure

22. Plaintiff used the detainee grievance process as it was available at Cook County Jail in an attempt to solve his problems. However, Plaintiff's grievances were improperly processed as requests therefore taking away Plaintiff's rights and opportunity for his grievance to go to the next level, making the grievance process unavailable.

23. Plaintiff has exhausted all administrative grievance remedies as such were available to him in Cook County Jail. Copies of Plaintiff's grievance is attached to this complaint as Exhibit A.

## Cause of Action

24. Plaintiff support the following claims by reference to the previous paragraphs of this complaint:

### Count I

25. The policies, procedures, customs and practices of Defendants Tom Dart and Godinez of allowing one guard to "cross check" two tiers with the jail fails to provide pre-trial detainees, such as the Plaintiff, with adequate supervision and security, amounts to deliberate indifference to the serious inmate-on-inmate assault at the jail and deprived and continues to deprive Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

### Count II

26. Defendants Collins' and Tucker's failure to respond correctly to the deadly threats that Plaintiff received left Plaintiff's life in jeopardy, amounted to a failure to protect Plaintiff's health and safety, and was a proximate cause of Plaintiff's injuries, and constituted deliberate indifference in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## Count III

27. Defendant Castro's failure to intervene in the assault on Plaintiff on August 20, 2010, amounted to deliberate indifference in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## Count IV

28. The actions of Defendant Hinton to repress Plaintiff's grievance amounted to an Abuse of Process, and also had the effect of undermining the Constitutional principal as proclaimed by Article I Section 12 of the Illinois Constitution.

## Count V

29. Defendant Hinton repressed the grievance process entitled to Plaintiff to prevent his grievance from going to the next level of the grievance system to be heard. These actions were done with deliberate indifference to Plaintiff's rights to file grievances and his right to petition the Government for a redress of grievance, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution

## Prayer For Relief

WHEREFORE, plaintiff respectfully prays that this Court:

1. Declare that the acts and omissions described herein violated

Plaintiff's right under the Constitution and laws of the United States.

2. Enter preliminary and permanent injunctions ordering Defendants Dart, Godinez, Castro, Collins, Tucker, Hinton, their successors, agents, employees, and all persons acting in concert with them to protect Plaintiff from hostile gang members and other known enemies; implement an adequate classification system segregating dangerous inmates from vulnerable inmates and from each other; increase staffing at the Cook County Jail to a level adequate to protect the safety of inmates there; properly train Cook County Jail guards to supervise inmate living area, discipline inmates who misbehave, and respond to emergencies like inmate assaults; and implement an adequate and effective grievance system.

3. Enter judgment in favor of Plaintiff for 8 million dollars compensatory, and 12 million punitive damages against each defendant, jointly and severally.

4. Order just and additional relief deemed proper.

Respectfully submitted this 29th day of December

/s/ Billy Richmond

Pursuant to 28 U.S.C. Section 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of December 2010,

/s/ Billy Richmond
Billy Richmond
#2010-0309201
2700 S. California
P.O. Box 089002
Chicago, IL 60608

12

State of Illinois )
                  ) SS:
County of Cook    )

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Billy Richmond, being duly sworn, upon oath deposes and verify under the penalty of perjury that I am the plaintiff in the cause herein, that I have read the same and knows the contents thereof by signing my signature, and that the statements contained therein are true in substance and in fact.

Subscribed to and Sworn before me on this 29TH day of December 2010.

_____
NOTARY

OFFICIAL SEAL
THELMA L HAWKINS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/13/12

/s/ Billy Richmond
Billy Richmond

Part-A / Control #: **Request**

Referred To: **Supt. Div. 10**

☒ (Processed as a request.)

(Second Submition)
(Second Submittion)

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Richmond**   First Name: **Billy**

ID #: **2010-0309201**   Div.: **10**   Living Unit: **3C**   Date: **10/23/10**

**BRIEF SUMMARY OF THE COMPLAINT:** On 8-20-10 in Div. 1-B4 I was jumped on and beat up very badly, all over my cell. Inmate Guider (Gainer) told me to pack up and leave the deck, as I went to pack my things Guider (Gainer) and I the other two inmates, who's name I can't recall, but they were in cell #12 and cell #3 and a few others don't know I was knocked unconscious for a few second don't know how long.
   I have been trying to press charges since 8-20-10, those inmates pushed me in the "OO" room and beat me up. Punch and kicked me repeatedly.
   I tried to get the officer attention, I was told wait a minute. Officer Castro was suppose to be watching B-wing He was on A-wing.

**NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:**

**ACTION THAT YOU ARE REQUESTING:** I want to press full charges! I want to press charges! These are some the inmate I know was involved: Cell #12 Vargas, Cell #9 Guider, Cell #3 Gordo (nickname) (Involved)

DETAINEE SIGNATURE: *Billy Richmond*

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: _____

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)